IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN WILLIAM ADERHOLD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER TRANSFERRING PETITION TO TENTH CIRCUIT COURT OF APPEALS<br><br><br><br>Civil Case No. 2:07-CV-900 TS<br><br>Criminal Case No. 2:05-CR-544-PGC |

This matter is before the Court on Petitioner Brian William Aderhold's latest Petition for Writ of Habeas Corpus.[1] Because Petitioner is proceeding pro se, the Court "reviews his pleadings and filings liberally."[2]

Petitioner attempts to bring this Petition under 28 U.S.C. § 2241. However, the relief he seeks is to correct alleged constitutional error in his criminal case. In an attempt to

---

[1] Docket No. 1 in Case No. 2:07-CV-900 TS.

[2] *Jackson v. United States*, __ Fed. Appx. ___, 2007 WL 3209985, at *1, n.1 (10th Cir. Oct. 30, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); and *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir.2007)).

1

avoid the one-year time bar set forth in 28 U.S.C. § 2255(1), he asserts that he has a constitutional right to raise constitutional errors in his criminal case "without limit of time."[3]

Regardless of his claim that the one-year time limit does not apply, it is nonetheless undisputable that Petitioner is seeking to raise alleged constitutional errors that occurred in his criminal case at or prior to sentencing. As the Tenth Circuit has explained:

> Petitions under § 2241 are used to attack the execution of a sentence; § 2241 is not a vehicle for challenging the validity of a conviction. Where the alleged errors occurred at or prior to sentencing, the appropriate remedy is § 2254 and not § 2241.[4]

This Court has previously explained to Petitioner[5] the rule, announced in *Castro v. United States*,[6] that the district court must notify a litigant if it intends to recharacterize his pleading as a § 2255 Motion. However, as also previously explained to Petitioner, that rule does not benefit a petitioner if the recharacterized motion would not count as a first motion to vacate, set aside, or correct sentence for purposes of applying "second or successive" restrictions, and where the motion was untimely in any event.[7] The Court finds that the

---

[3] Petition, at 2.

[4] *Williams v. Sirman,* 172 Fed. Appx. 862, 864, 2006 WL 775172, *2 (10th Cir. 2006) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996) (Section 2241 "is not an additional, alternative, or supplemental remedy" to 28 U.S.C. §§ 2254 or 2255)).

[5] Case No. 2:07-CV-789 TS, Docket No. 6, at 2 n.7.

[6] 540 U.S. 375, 377 (2003) (holding that a district court "cannot ... recharacterize a pro se litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.") (emphasis in original).

[7] *Id.*; *United States v. Johnson*, 159 Fed. Appx. 835, 839 (10th Cir. 2005).

present Petition would be Petitioner's third § 2255 proceeding,[8] and would be untimely in any event. Therefore, the *Castro* rule would not benefit Petitioner.

Because Petitioner does not contest the execution of his sentence and, instead, contests the validity of the sentence based upon alleged constitutional errors "that occurred in [his] criminal case," it can only be brought under § 2255. As the Tenth Circuit has held:

> The AEDPA-amended habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus. . . . A second or successive 28 U.S.C. § 2255 motion must also be certified by a panel of this court pursuant to § 2244 before it may proceed in district court.[9]

As the true nature of the Petition in this case is "a successive habeas petition, [this] district court has no jurisdiction over the matter" and should transfer it the appellate court.[10] As the Court ruled in connection with Petitioner's last attempted § 2241 Petition: "Although Petitioner has attempted to avoid the requirements of § 2255 by asserting that it falls under 28 U.S.C. § 2241, his attempts are unavailing. As Petitioner has not met the requirements to file a second motion under § 2255, the Court will transfer the Petition to the Tenth Circuit pursuant to 28 U.S.C. § 1631."[11]

---

[8] Case No. 2:07-CV-166 PGC was his first petition. *See Aderhold v. United States*, No. 4115 (10th Cir. Sept. 19, 2007) (holding that this court's error in failing to notify Petitioner that it intended to recharacterize his first petition as one under § 2255 was harmless "because [his] pleading was filed after the statute of limitations had run"). Case No. 2:07-CV-789 TS was his second petition.

[9] *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006) (citing AEDPA, the Antiterrorism and Effective Death Penalty Act of 1996) (other citations omitted).

[10] *United States v. Card*, 220 Fed. Appx. 847, 850 (10th Cir. 2007).

[11] Case No. 2:07-CV-789 TS, Docket No. 6, at 2.

It is therefore

ORDERED that Petitioner's Writ of Habeas Corpus (Docket No. 1 in Civil Case No. 2:07-CV-900 TS) is transferred to the Tenth Circuit Court of Appeals for authorization. The Clerk of the Court is directed to transfer this matter to the Tenth Circuit Court of Appeals.

The clerk of the court is directed to close this case forthwith.

DATED this 26th day of November, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge